◼ In the Matter of JOHN L. SEGRETI, Appellant, v HAROLD ADLER, Respondent, et al., Respondent.—Judgment, Supreme Court, New York County (Martin Evans, J.), entered August 21, 1991, which denied the petition seeking to invalidate the respondent's designating petition, unanimously affirmed, without costs.

The petitioner seeks to invalidate the designating petition of Harold Adler for the nomination by the Democratic Party of Judge of the Civil Court for the Sixth Municipal Court District. On August 6, 1991, the Board of Elections found the designating petition of Adler to have a total number of 4,045 signatures. Of the 1,500 valid signatures needed to qualify, 2,002 were found valid by the Board. However, 2,043 were declared invalid. The matter was referred to a Referee to hear and report with recommendations.

The Referee concluded that the number of irregularities in the Adler petition raised the inference that the petition was permeated with fraud and recommended invalidating the Adler petition as a whole.

The Supreme Court disaffirmed the motion to confirm the Referee's report, insofar as the Referee recommended that the Adler designating petition be invalidated as permeated with fraud and insofar as it recommended that the signatures obtained by Tito Velez were valid. The court therefore denied the petition and sustained the validity of the Adler designating petition "with a minimum number of signatures of at least 1,708".

Nothing in the sparse record presented to this court compels a conclusion contrary to that reached by the Supreme Court. It has not been demonstrated that the designating petitions were permeated with fraud. From that which appears in the Referee's report regarding the signatures obtained by Tito Velez, were we to reach the point, we would find them valid.

Accordingly, the order of the Supreme Court is affirmed, the petition is denied and the validity of the Adler designating petition is sustained. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.